IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST ADKINS,<br><br>               Petitioner,<br><br>   v.<br><br>SECRETARY JOHN E. WETZEL and<br>SUPERINTENDENT LOUIS FOLINO,<br><br>               Respondents. | CIVIL ACTION<br>NO. 13-3652 |

**OPINION**

**Slomsky, J.**                                                                                                                              **March 17, 2017**

### I.   INTRODUCTION AND BACKGROUND

On April 13, 1982, a jury found Ernest Adkins ("Petitioner") guilty of second-degree murder, robbery, conspiracy, and possession of an instrument of crime. (Doc. No. 20 at 2.) At trial, he was represented by Vincent Ziccardi, Esquire. (Doc. No. 1 at 3.) Petitioner received a mandatory life sentence for committing these offenses. (Doc. No. 20 at 2.) He appealed his conviction and sentence and was represented by Francis E. Gleeson, Esquire ("appellate counsel"). (Doc. No. 1 at 3.) On March 1, 1985, the Superior Court of Pennsylvania affirmed the judgment of sentence. (Doc. No. 20 at 2.) Petitioner did not seek allocatur from the Supreme Court of Pennsylvania. (Id.)

On January 6, 1988, Petitioner attempted to collaterally attack his sentence pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. Ann. §§ 9541-46, by filing a pro se petition for relief. (Id.) On February 4, 1998, Patricia M. Dugan, Esquire ("PCRA counsel") was appointed to represent Petitioner. (Doc. No. 1 at 3.) She later filed an Amended PCRA Petition on his behalf. (Id.) Following the denial of his PCRA petition on October 26,

1993, Petitioner retained Paul J. Hetznecker, Esquire, to represent him in his appeal. (Id.) On November 1, 1994, the Superior Court of Pennsylvania affirmed the dismissal of the PCRA petition. (Doc. No. 20 at 2.) On April 7, 1995, the Pennsylvania Supreme Court denied Petitioner's request for allocator. Id.

More than eighteen years later, on June 19, 2013, Petitioner filed in this Court a pro se Petition for a Writ of Habeas Corpus pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. (Doc. No. 1.) On September 3, 2013, Petitioner filed an amended § 2254 petition, after the Court ordered him to use the proper form. (Doc. No. 3.)

On January 6, 2014, the petition was referred to the Honorable Magistrate Judge Carol Sandra Moore Wells for a Report and Recommendation ("R&R"). (Doc. No. 6.) On May 14, 2014, Judge Wells issued an R&R, recommending that Petitioner's claims for relief be denied and that a certificate of appealability not be issued. (Doc. No. 20.) At this time, Judge Wells also denied Petitioner's outstanding Motion for Abeyance, which sought to stay his federal habeas proceeding pending the outcome of decisions which may affect Miller's retroactivity. (See Doc. Nos. 9, 19 citing Miller v. Alabama, 132 S. Ct. 2455 (2012).) This Court denied Petitioner's objections and adopted the R&R. (Doc. No. 35.) Petitioner next filed the present Motion pursuant to Fed. R Civ. P. 60(b)(6), asking this Court to reconsider its Order adopting the R&R and denying the writ of habeas corpus. (Doc. No. 45.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) governs a party's ability to ask for relief from a judgment or order. It states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a

>   new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Id. Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Devon IT, Inc. v. IBM Corp., No. 10-2899, 2013 WL 6721748, at *3 (E.D. Pa. Dec. 20, 2013) (quoting Klapprott v. United States, 335 U.S. 601, 615 (1949) (internal quotation marks omitted)). "This provision applies only when there are reasons for relief other than those set out in the more specific clauses of Rule 60(b)." Id. The district court should employ a "flexible, multifactor approach to Rule 60(b)(6) motions . . . that takes into account all the particulars of a movant's case." Cox v. Horn, 757 F.3d 113, 122 (3d Cir. 2014). However, the court should utilize 60(b)(6) sparingly and only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Id.

### III.   ANALYSIS

Under Rule 60(b), Petitioner requests that the Court reopen the action and address the following claims: (1) Petitioner's sentence of life imprisonment without the possibility of parole violated the Eighth Amendment pursuant to Miller v. Alabama, 132 S. Ct. 2455 (2012); (2) Petitioner was denied effective assistance of counsel at trial and on direct appeal, and PCRA counsel was ineffective for failing to raise the issue of their effectiveness on collateral appeal; (3) Petitioner's claims were not decided on the merits as warranted by equitable tolling; and (4) Petitioner's federal habeas proceeding should have been stayed pending the determination of Miller's retroactivity. (Doc. No. 45 at 1, 5, 26.)

The first three claims Petitioner raises, however, are barred as second or successive habeas petitions. The AEDPA, codified in part in 28 U.S.C. § 2244, sets limits on second or successive federal habeas petitions.

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet [the requirements of § 2244(b)(2)].

Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005) (citing 28 U.S.C. § 2244). The United States Supreme Court and the Third Circuit Court of Appeals have held that "a 60(b) motion constitutes a second or successive petition 'if it attacks the federal court's previous resolution of a claim on the merits[.]'" United States v. Andrews, 463 F. App'x 169, 171 (3d Cir. 2012) (quoting Gonzalez, 545 U.S. at 532). Furthermore, the 60(b)(6) motion also would fall under the category of a second or successive habeas petition if it "seeks to relitigate issues already decided by the district court on habeas, or pose[s] new claims that would have been cognizable on federal habeas review . . . ." United States v. Medina, No. 01-2771, 2006 WL 3511754, at *4 (citing Pridgen v. Shannon, 380 F.3d 721, 726 (3d Cir. 2004)). Conversely, a 60(b) motion does not constitute a second or successive petition if it instead "attacks . . . some defect in the integrity of the federal habeas proceedings." Andrews, 463 F. App'x at 172 (quoting Gonzalez, 545 U.S. at 532). Simply put, "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Pridgen, 380 F.3d at 727.

As mentioned above, Petitioner has alleged four grounds for reopening his habeas petition in the 60(b) Motion. (Doc. No. 45.)

Starting with Petitioner's first claim—that his sentence of life without the possibility of parole violates the Eighth Amendment under Miller v. Alabama, 132 S. Ct. 2455 (2012)—this claim was reviewed by Magistrate Judge Wells in her R&R, and was adjudicated in the Opinion

4

by this Court adopting the R&R.  (See Doc. Nos. 20, 34.)  The Opinion explained that Miller does not apply to Petitioner, because "he repeatedly conced[ed] that he was already eighteen years old at the time of the underlying offense." (Doc. No. 34 at 7.)  This allegation, therefore, is a successive claim which has already been adjudicated and must be dismissed under § 2244(b)(1).

Turning to Petitioner's second allegation, he argues that he was denied effective assistance of counsel at trial and on direct appeal.  (Doc. No. 45 at 11, 19, 24.)  He also claims that his PCRA counsel was ineffective for failing to raise the issue of effectiveness of trial and appellate counsel on collateral appeal.  (Id.)  Like Petitioner's first grievance, this allegation was also addressed in the R&R and the subsequent Opinion adopting the R&R.  (See Doc. Nos. 20, 34.)  The Opinion noted that the ineffective assistance of counsel allegations were time barred and that Martinez v. Ryan, 132 S. Ct. 1309 (2012), would not "afford Petitioner an alternate start date for the AEDPA statute of limitations." (Doc. No. 34 at 10.)  Therefore, this allegation is a successive claim and must be dismissed under § 2244(b)(1).

Moving to the third claim, Petitioner contends that equitable tolling should apply to excuse his delay in raising these claims.  (Doc. No. 45 at 1, 26.)  Similar to Petitioner's other allegations, this grievance was addressed in the R&R and adjudicated in the Opinion adopting the R&R.  (See Doc. Nos. 20, 34.)  In her R&R, Magistrate Judge Wells found that equitable or statutory tolling did not apply in this case.  (Doc. No. 20 at 6-7.)  Additionally, the Opinion adopting the R&R analyzed this allegation and agreed that equitable tolling did not apply here.  (Doc. No. 34 at 11-15.)  This grievance is a successive claim that has been adjudicated and must be dismissed under § 2244(b)(1).

Regarding the fourth claim, Petitioner contends that Magistrate Judge Wells erred in denying his Motion for Abeyance (Doc. No. 9) pending the determination of Miller's retroactivity. (Doc. No. 45 at 5.) On January 16, 2014, Petitioner filed a Motion for Abeyance requesting that the Court stay his federal habeas proceeding pending the outcome of decisions which may affect Miller's holding that a sentence of life without the possibility of parole imposed on a defendant who was under the age of eighteen when the defendant committed the underlying offense was unconstitutional. (Doc. No. 9 at 1-3.) On May 14, 2014, after reviewing Petitioner's Motion and amended habeas petition, Magistrate Judge Wells concluded that granting the Motion (Doc. No. 9) would be improper, because Miller did not apply to Petitioner, who was already eighteen years old at the time he committed the offenses for which he was sentenced. (Doc. No. 19.) The denial of this Motion, therefore, was not made in error. Nor can it serve as the basis of relief under Rule 60(b)(6).

In conclusion, Petitioner has not raised any new claims which warrant reconsideration under Rule 60(b)(6). His Rule 60(b) Motion, therefore, will be dismissed.

**IV.   CONCLUSION**

For the aforementioned reasons, the Court will deny Petitioner's Motion for the Court to Reconsider its Order dated August 18, 2014. (Doc. No. 45.) An appropriate Order follows.